Denisse O. Gastélum, (SBN 282771)
**GASTÉLUM LAW,**
**A PROFESSIONAL CORPORATION**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Christian Contreras, (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101
Email: CC@Contreras-Law.com

Attorneys for Plaintiffs,
ESTATE OF IRENE JARAMILLO, et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF IRENE JARAMILLO; ISABEL JARAMILLO, individually and as successor in interest to IRENE JARAMILLO; JULIAN RAMOS JR, individually and as successor in interest to IRENE JARAMILLO; ROBERT RAMOS, individually and as successor in interest to IRENE JARAMILLO; ESTATE OF AARON MCDONALD; BARBARA MCDONALD, individually and as successor in interest to AARON MCDONALD; PAUL MCDONALD, individually and as successor in interest to AARON MCDONALD<br><br>     Plaintiffs,<br><br> v.<br><br>RIALTO POLICE DEPARTMENT, a public entity; CITY OF RIALTO, a public entity; and DOES 1-10, inclusive,<br><br>     Defendants. | **CASE NO.: 5:24-cv-00687**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Substantive Due Process, Fourteenth Amendment Violation - (42 U.S.C. § 1983)<br>2. Interference with Parent/Child Relationship, Fourteenth Amendment Violation - (42 U.S.C. § 1983)<br>3. Municipal Liability, Unconstitutional Customs, Policies, and Practices - (*Monell* - 42 U.S.C. § 1983)<br>4. Municipal Liability, Failure to Train - (*Monell* - 42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action seeks redress for the violation of the Decedent's constitutional and civil rights pursuant to 42 U.S.C. § 1983. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' state law claims.

2. Venue is proper under 28 U.S.C. Sections 1391(b)(1)(2) because Defendants can be found in, reside, or transact business in this judicial district and because the events giving rise to this Complaint occurred in this judicial district.

## PARTIES

3. At all times herein relevant, Plaintiff ISABEL JARAMILLO, was and is an adult citizen and resident of San Bernardino County in the State of California and is the surviving sister of Decedent Irene Jaramillo.

4. At all times herein relevant, Plaintiff JULIAN RAMOS JR., was and is an adult citizen and resident of San Bernardino County in the State of California and is the surviving brother of Decedent Irene Jaramillo.

5. At all times herein relevant, Plaintiff ROBERT RAMOS, was and is an adult citizen and resident of San Bernardino County in the State of California and is the surviving brother of Decedent Irene Jaramillo.

6. Plaintiff ESTATE OF IRENE JARAMILLO is represented by its successors in interest, ISABEL JARAMILLO, JULIAN RAMOS JR and ROBERT RAMOS. Plaintiffs were and was, at all times relevant hereto, the natural siblings of decedent IRENE JARAMILLO, and at all times relevant hereto was a resident of the County of San Bernardino, California. Plaintiffs ISABEL JARAMILLO, JULIAN RAMOS JR and ROBERT RAMOS brings these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiffs ISABEL JARAMILLO, JULIAN RAMOS JR and ROBERT RAMOS also brings their claims individually and on behalf of decedent IRENE JARAMILLO on the basis of 42 U.S.C. §§ 1983 and 1988, the United States

Constitution, federal and state civil rights law and California law. Plaintiffs ISABEL JARAMILLO, JULIAN RAMOS JR and ROBERT RAMOS also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

7. At all times herein relevant, Plaintiff BARBARA MCDONALD, was and is an adult citizen and resident of San Bernardino County in the State of California and is the surviving mother of Decedent Aaron McDonald.

8. At all times herein relevant, Plaintiff PAUL MCDONALD, was and is an adult citizen and resident of San Bernardino County in the State of California and is the surviving father of Decedent Aaron McDonald.

9. Plaintiff AARON MCDONALD is resented by its successor in interest, BARBARA MCDONALD and PAUL MCDONALD. Plaintiffs were and was, at all times relevant hereto, the natural parents of decedent AARON MCDONALD, and at all times relevant hereto was a resident of the County of San Bernardino, California. Plaintiffs BARBARA MCDONALD and PAUL MCDONALD bring these claims pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiffs BARBARA MCDONALD and PAUL MCDONALD also brings their claims individually and on behalf of decedent AARON MCDONALD on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, federal and state civil rights law and California law. Plaintiffs BARBARA MCDONALD and PAUL MCDONALD also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

10. Defendant the CITY OF RIALTO ("CITY") was and is a city, political subdivision, governmental entity and municipality of the State of California, organized and existing under the laws of the State of California, with a principal place of business at 150 S. Palm Ave, Rialto, California 92376.

11. Defendant RIALTO POLICE DEPARTMENT ("RPD") is a separate legal entity[1], and public department of the CITY, and its policies and police services within the CITY OF RIALTO.

12. Defendants Does 1-10, at all times mentioned herein, were employees of CITY and RPD, respectively.

13. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

14. The identities, capacities, and/or nature of involvement of the defendants sued as DOES 1 through 10 are presently unknown to the Plaintiffs who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOES 1 through 10 include employees of the public agencies names herein, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California.

15. Each of the defendants, including the DOE defendants, caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiffs by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting

---

[1] The Ninth Circuit has held that California law permits § 1983 claims against municipal police departments. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 n. 2 (9th Cir. 1988) ("Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations.").

4
**COMPLAINT FOR DAMAGES**

in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

16. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiffs' and decedent's constitutional rights and other harm.

17. Plaintiffs are informed, believe, and thereupon allege that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

18. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

19. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## FACTUAL ALLEGATIONS

20. On Saturday, April 2, 2022, at approximately 1:00 a.m., Colton Police Department initiated a police pursuit on a grey Nissan Maxima being driven by CANCHOLA.

21. After seeing CANCHOLA's reckless driving, officers engaged in a high speed chase of CANCHOLA which began in the city of Colton. Rather than yield to officers, CANCHOLA continued driving at speeds over 130 miles per hour. Because of the speeds reaching over 130 miles per hour, Colton Police originally stopped engaging in the chase and CANCHOLA was able to elude officers.

22. Moments later, Defendants RPD and Does 1-10, inclusive, initiated a pursuit of CANCHOLA who was travelling at a high rate of speed. Defendant RPD initiated the pursuit near Linden Ave. and Randall Ave. in the City of Fontana.

23. Defendant RPD initiated the police pursuit despite the previous high speeds which CANCHOLA had been driving at and despite Colton Police Department's failed attempts at stopping CANCHOLA.

24. Upon information and belief, despite CANCHOLA driving recklessly and at dangerous speeds, Defendants RPD and Does 1-10, inclusive, continued pursuing CANCHOLA. The dangerous driving of CANCHOLA placed the general public in danger. Upon information and belief, Defendants RPD and Does 1-10, inclusive, were aware of the danger to the public, yet intentionally disregarded such danger effectively rendering their conduct being carried out with a purpose to harm.

25. Defendants RPD and Does 1-10, inclusive, continued their pursuit of CANCHOLA, travelling through different parts of the city. Ultimately, CANCHOLA ran a red light and collided into IRENE JARAMILLO and AARON MCDONALD's vehicle.

26. At the time CANCHOLA violently struck IRENE JARAMILLO and AARON MCDONALD, IRENE JARAMILLO and AARON MCDONALD were returning from what should have been a happy birthday celebration for IRENE JARAMILLO's thirtieth birthday. IRENE JARAMILLO and AARON MCDONALD were pulled from the wreckage of their vehicle and were transported to a local medical hospital where they succumbed to their injuries and were subsequently pronounced dead. IRENE JARAMILLO was only 30 years-old and AARON MCDONALD was

only 31 years-old at the time of their death.

27. CANCHOLA and his passenger were transported to a local hospital where they were treated for moderate injuries and survived.

28. CANCHOLA was not wanted for any criminal offense and the sole basis for the pursuit was the commission of a traffic infraction for driving on the street at high speeds.

## FIRST CLAIM FOR RELIEF

### Substantive Due Process, Fourteenth Amendment Violation

### (42 U.S.C. § 1983)

### (Plaintiffs, as successors in interest, against Defendants DOES 1-10)

29. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

30. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

31. Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 848 n. 8.

32. At all relevant times, Defendants DOES 1-10, were RPD police officers who were acting under color of law.

33. As alleged above, Defendants DOES 1-10, while under the course and scope of their duties as RPD officers, initiated the police pursuit of CANCHOLA. Defendants DOES 1-10 initiated the police pursuit of CANCHOLA. Defendants DOES

1-10 initiated the pursuit of CANCHOLA despite CANCHOLA travelling at high rates of speed in excess of 100 miles per hour. Defendants DOES 1-10 initiated the pursuit of CANCHOLA despite knowing that CANCHOLA was driving extremely dangerously throughout three different jurisdictions, including residential streets, placing members of the public at risk.

34. Foreseeably, after Defendants DOES 1-10 initiated the pursuit of CANCHOLA, CANCHOLA collided into IRENE JARAMILLO and AARON MCDONALD, killing them.

35. Defendant Defendants DOES 1-10's conduct clearly shocks the conscience in violation of IRENE JARAMILLO's and AARON MCDONALD's Fourteenth Amendment rights.

36. Upon information and belief, when Defendants DOES 1-10 initiated the pursuit of CANCHOLA and throughout the course of the pursuit of CANCHOLA, Defendants DOES 1-10 acted with a purpose to harm which shocks the conscience.

37. As a direct and proximate result of Defendants DOES 1-10' acts and/or omissions as set forth above, IRENE JARAMILLO and AARON MCDONALD, sustained injuries and damages.

38. The conduct of Defendants DOES 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and RPD.

39. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

### SECOND CLAIM FOR RELIEF

**Interference with Parent/Child Relationship, Fourteenth Amendment Violation**

**(42 U.S.C. § 1983)**

**(Plaintiffs BARBARA MCDONALD and PAUL MCDONALD, individually, against DOES 1-10)**

40. The preceding paragraphs and allegations stated above are incorporated

by reference as though fully set forth herein.

41. Parents and children possess a constitutionally protected liberty interest in companionship and society with each other. *Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), overruled on other grounds by *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc). This liberty interest is rooted in the Fourteenth Amendment, which states in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

42. At all relevant times, Defendants DOES 1-10, were RPD police officers who were acting under color of law.

43. As alleged above, the aforementioned acts and/or omissions of Defendants DOES 1-10, inclusive, including initiation of a dangerous police pursuit which endangered the public, was done with a purpose to harm IRENE JARAMILLO and AARON MCDONALD in violation of Plaintiffs right to life, protection, and safety. Such conduct violated decedent Plaintiffs' Fourteenth Amendment rights.

44. As a direct and proximate result of Defendants DOES 1-10' acts and/or omissions as set forth above, IRENE JARAMILLO and AARON MCDONALD, sustained injuries and damages.

45. The conduct of Defendants DOES 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and RPD.

46. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

### THIRD CLAIM FOR RELIEF

**Municipal Liability, Unconstitutional Customs, Policies, and Practices**

**(*Monell* - 42 U.S.C. § 1983)**

**(Plaintiffs, as successors in interest, against Defendants CITY and RPD)**

47. The preceding paragraphs and allegation stated above are incorporated by reference as though set forth in full.

48.     As set forth in the forgoing claims for relief, Defendants DOES 1-10, inclusive, and each of them, committed clear and well-established violations of constitutional rights against IRENE JARAMILLO and AARON MCDONALD within the course and scope of their employment as RPD officers, under color of law.

49.     On and for some time prior to April 2, 2022 (and continuing to the present date), Defendants CITY, RPD and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of IRENE JARAMILLO and AARON MCDONALD, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

   A. Permitting RPD officers to initiate police pursuits without weighing the risks and dangers to members of the public such as IRENE JARAMILLO and AARON MCDONALD;

   B. Permitting RPD officers to initiate police pursuits when it is evidence that such pursuit will endanger members of the public such as IRENE JARAMILLO and AARON MCDONALD;

   C. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving at excessively high rates of speed;

   D. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving dangerously;

   E. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving recklessly;

   F. Permitting RPD officers to initiate police pursuits despite the target of the pursuit eluding other police agencies;

50.     The expressly adopted policies and/or widespread, well-known, and longstanding customs or practices set forth above, constitute standard operating procedures within the Defendants CITY and RPD, which have directly precipitated the death of IRENE JARAMILLO and AARON MCDONALD as well as against innocent

members of the general public at an unignorable and unacceptable scale, not least of which resemble the egregious constitutional violations suffered by IRENE JARAMILLO and AARON MCDONALD.

51. Defendants CITY and RPD, and individual supervisory officials thereof, whether named or unnamed, had either actual or constructive knowledge of the unconstitutional policies, practices, and/or customs set forth herein. Despite this knowledge, the Defendants CITY and RPD, by and through officials with final policymaking authority, did condone, tolerate, and ratify such policies, customs, and practices, and have shown deliberate indifference to the foreseeable effects and consequences of these policies, customs, and practices with respect to the civil rights and wellbeing of the present Plaintiff, other individuals similarly situated, and the general public.

52. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY and RPD, as described above, IRENE JARAMILLO and AARON MCDONALD suffered serious injuries and death, Plaintiffs are entitled to damages, penalties, costs, and attorneys' fees against Defendants CITY and RPD.

53. As a direct and proximate result of Defendants' conduct, the civil rights of IRENE JARAMILLO and AARON MCDONALD, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, IRENE JARAMILLO and AARON MCDONALD experienced physical pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

54. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

55. Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be

violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and RPD.

56. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States.

### FOURTH CLAIM FOR RELIEF
### Municipal Liability, Failure to Train
### (*Monell* - 42 U.S.C. § 1983)
### (Plaintiffs, as successors in interest, against Defendants CITY and RPD)

57. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

58. As set forth in the herein, Defendants CITY, RPD and DOES 6-10, inclusive, and each of them, committed clear and well-established violations of constitutional rights against IRENE JARAMILLO and AARON MCDONALD within the course and scope of their employment as RPD officers, under color of law.

59. The training of Defendants DOES 1-10, inclusive, by the Defendants CITY and RPD did not adequately instill the necessary discipline, restraint, competence, and respect for civil rights required of armed law enforcement personnel and employees carrying out certain law enforcement functions. In particular, the training of Defendants DOES 1-10, inclusive, in terms of initiating police pursuits was in violation of the Fourteenth Amendments to the United States Constitution, and was manifestly inadequate.

60. The critical need for discipline, restraint, and competence on the part of law enforcement and employees carrying out law enforcement functions was and is, or reasonably should have been, well-known to the Defendants CITY and RPD and well before the rights of IRENE JARAMILLO and AARON MCDONALD were violated.

61. In fact, Defendants CITY and RPD failed to train its employees in the following regard:

    A. Permitting RPD officers to initiate police pursuits without weighing the risks and dangers to members of the public such as IRENE JARAMILLO and AARON MCDONALD;

    B. Permitting RPD officers to initiate police pursuits when it is evidence that such pursuit will endanger members of the public such as IRENE JARAMILLO and AARON MCDONALD;

    C. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving at excessively high rates of speed;

    D. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving dangerously;

    E. Permitting RPD officers to initiate police pursuits when the target of the pursuit is driving recklessly;

    F. Permitting RPD officers to initiate police pursuits despite the target of the pursuit eluding other police agencies;

62. Therefore, despite the resounding need for improved or further training, both in general and with respect to Defendants DOES 1-10, inclusive, Defendants CITY and RPD have allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within their respective work forces, thereby substantially causing the present Plaintiffs, and countless others like them, to suffer extensive and irreversible violations of their civil rights, including but not limited to be free from unconscionable governmental action.

63. Clearly, Defendants CITY and RPD have shown a conscience-shocking level of deliberate indifference to the manifest, systemic consequences of the referenced training failures and other departmental shortcomings. These training failures directly produced the incompetence and impropriety of Defendants DOES 1-10, inclusive, by which the present Plaintiff's civil rights were violated.

64. Accordingly, the training failures of the Defendants CITY and RPD L are so inextricably connected to the unconstitutional conduct that Plaintiff has endured as

to be a substantial moving force behind it. Therefore, the Defendants CITY and RPD must be regarded as similarly liable for all claims raised herein against its employees, agents, or representatives under 42 U.S.C. § 1983.

65. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY and RPD, as described above, IRENE JARAMILLO and AARON MCDONALD suffered serious injuries and death, Plaintiffs are entitled to damages, penalties, costs, and attorneys' fees against Defendants CITY and RPD.

66. As a direct and proximate result of Defendants' conduct, the civil rights of IRENE JARAMILLO and AARON MCDONALD, as protected by the Fourteenth Amendment of the United States Constitution were violated and they lost their lives as a result. Further, IRENE JARAMILLO and AARON MCDONALD experienced physical pain, severe emotional distress, and mental anguish, as well as loss of their life and other damages alleged herein.

67. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

68. Defendants subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Decedent and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants CITY and RPD.

69. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States.

### REQUEST FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A. Wrongful death of IRENE JARAMILLA and AARON MCDONALD,

|   |   |   |
|---|---|---|
| | | pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq.*; |
| | B. | Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 *et. seq.*; |
| | C. | IRENE JARAMILLA and AARON MCDONALD's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq.*; |
| | D. | Violation of IRENE JARAMILLA and AARON MCDONALD's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 *et. seq.* and federal civil rights law; |
| | E. | IRENE JARAMILLA and AARON MCDONALD's loss of life, pursuant to federal civil rights law; |
| | F. | IRENE JARAMILLA and AARON MCDONALD's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law; |
| | G. | General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court; |
| | H. | Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief; |
| | I. | Punitive damages as to individual employees; |
| | J. | Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine); |
| | K. | A multiplier of damages and penalties under the Tom Bane Act; |
| | L. | Interest; and |
| | M. | All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et. seq.*, 377.60 *et. seq.*, and as otherwise may be allowed by California and/or federal law. |

| | | |
|---|---|---|
| Dated: April 2, 2024 | **GASTÉLUM LAW, APC** | |
| | By: _____ | |
| | Denisse O. Gastélum, Esq. | |
| | Attorneys for Plaintiffs, | |
| | ESTATE OF IRENE JARAMILLO, et al. | |

Dated: April 2, 2024

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF IRENE JARAMILLO, et al.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make a demand for a jury trial in this action.

Dated: April 2, 2024

**GASTÉLUM LAW, APC**

By: _____
Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,
ESTATE OF IRENE JARAMILLO, et al.

Dated: April 2, 2024

**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF IRENE JARAMILLO, et al.